UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF RENE BATHIARD
By Antoine Jimmy Bathiard and
Julien Bathiard, Legal Representatives

and

ESTATE OF RAYMOND BATHIARD
By Antoine Jimmy Bathiard, Legal Representative

and

ANTOINE JIMMY BATHIARD
Individually on His Own Behalf

and

FRANCOIS MARY BATHIARD
Individually On HIS Own Behalf

and

GISELLE BATHIARD SALFITI
Individually On Her Own Behalf

      Plaintiffs,

 v.               Civil No.

ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran

and

IRANIAN MINISTRY OF INFORMATION
AND SECURITY
Pasdaran Avenue

**Golestan Yekom**
**Tehran, Iran**

**Defendants.**

## COMPLAINT

Plaintiffs, by and through undersigned counsel, bring this action seeking damages arising out of the terrorist attacks against the United States Embassy in Beirut, Lebanon, on April 18, 1983. Plaintiffs are legally entitled to assert a claim under the Foreign Sovereign Immunities Act (28 U.S.C. § 1602 et seq.), as amended by §1083 of the Defense Appropriations Act of 2008, H.R. 4986, Public Law 110-181.

## JURISDICTION AND VENUE

(1) This Court exercises subject matter jurisdiction in accordance with the provisions of 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2), and 1605A.

(2) The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 U.S.C. §1605A.

(3) Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(4) The causes of action contained in the counts later enumerated in this Complaint are based upon the following source of law:

    a. A new federal private right of action, 28 U.S.C. § 1605A(c), which is available to both U.S. national and non-U.S. national Plaintiffs, and wherever the common or statutory law of a Plaintiff's residence contains rights or makes further damages available that

2

are not duplicative of the recovery afforded under 28 U.S.C. § 1605A(c), as Plaintiffs have causes of action under the common or statutory law of the U.S. state or foreign country where they were domiciled at the time of the attack.

## THE PARTIES

### PLAINTIFFS

(5) Plaintiffs in this action consist of family members of Cesar Bathiard, who was at the time of his death on April 18, 1983 a Lebanese citizen domiciled in Lebanon and employed by the United States Government at the United States Embassy in Beirut. Mr. Bathiard was killed by an act of "extrajudicial killing" as defined in 28 U.S.C. §§1605A(a) and 1506A(h)(7), and pursuant to Section 3 of the Torture Victims Protection Act, 28 U.S.C. § 1350, in connection with the 1983 Beirut Embassy bombing. At the time he was killed, Mr. Bathiard was acting within the scope of his employment at the Embassy. The Estate of Cesar Bathiard is represented by his daughter in *Rita Bathiard, et al. v Iran, et al.*, Civil Action No. 16-cv-01549 which is currently pending in this Court.

(6) Specifically, Plaintiffs in this action include:

    a. the Estate of Rene Bathiard, Cesar Bathiard's father;

    b. the Estate of Raymond Bathiard, Cesar Bathiard's brother;

    c. Antoine Jimmy Bathiard, Cesar Bathiard's brother;

    d. Francois-Marie Bathiard, Cesar Bathiard's brother; and

    e. Giselle Bathiard Salfiti, Cesar Bathiard's sister.

(7) All Plaintiffs are, or were at the time of death, Lebanese citizens domiciled in Lebanon.

**DEFENDANTS**

(8) Defendant the Islamic Republic of Iran is a foreign sovereign state. Iran is now and has been designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C.A. § 2405(j)) and Section 620A of the Foreign Assistance Act of 1961 (22 § U.S.C. 2371) since January 19, 1984. Iran was designated a state sponsor of terrorism as a result, *inter alia*, of the 1983 bombing of the U.S. Embassy in Beirut, Lebanon.

(9) Defendant the Iranian Ministry of Information and Security functions as the Iranian Intelligence Service and, in this capacity, as an agent of Iran.

(10) Pursuant to 28 U.S.C. § 1605A(c), Defendant Iran is vicariously liable for the acts of its officers, employees, or agents, including those of MOIS.

**FACTUAL ALLEGATIONS**

(11) Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel.

---

[1] The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".

4

(12) At all times relevant to this action, Hezbollah was being given extensive support by these Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon.

(13) In 1983, at the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guard units within Lebanon. The Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for the organization to carry out the terrorist attack of April 18, 1983 at the U.S. Embassy in Beirut, Lebanon.

(14) On April 18, 1983, an unidentified male driver crashed a vehicle laden with hundreds of pounds of explosives into the main entrance of the U.S. Embassy in Beirut. Upon crashing, the vehicle exploded with tremendous force, causing seven floors in the Embassy to collapse.

(15) Large portions of the Embassy building were completely destroyed by the blast, while others were severely damaged. Sixty-three people were killed as a result of the blast and more than one hundred people were injured.

(16) This Court has in several earlier cases found by clear and convincing evidence that Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, were responsible for the attack above described. *Dammarell v. Islamic Republic of Iran,* 281 F. Supp. 2d 105(2003); *Dammarell v. Islamic Republic of Iran,* 404 F. Supp.

2d 261(2005); and *Estate of John Doe v. Islamic Republic of Iran,* 808 F. Supp. 2d 1(2011).

(17) The attack on April 18, 1983 was funded by the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, acting through its satellite terrorist organization, Hezbollah.

(18) The actions of the agents of the Defendants as above set forth constituted acts of torture, extrajudicial killing and the provision of material resources for these acts as defined in 18 U.S.C. § 2339A.

(19) The formation of Hezbollah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, Defendant the Iranian Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of Defendant the Islamic Republic of Iran, and as the Iranian Ambassador to Syria. The above referred-to activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

### COUNT I
### CLAIMS OF THE ESTATE OF RENE BATHIARD, THE ESTATE OF RAYMOND BATHIARD, ANTOINE BATHIARD, FRANCOIS BATHIARD, AND GISELLE BATHIARD SALFITI FOR LOSS OF SOLATIUM
### 28 U.S.C. §1605A(2)(c)

(20) Plaintiffs, the Estate of Rene Bathiard, et al., repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(21) As a direct consequence of the willful, wrongful, intentional and reckless acts of Defendants, the Plaintiff family members of the victims suffered extreme mental anguish, emotional pain and suffering, and the loss of the society and companionship of the victim.

(22) Accordingly, the Plaintiffs have suffered extraordinary grief and mental anguish, and each Plaintiff has thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, the Estate of Rene Bathiard, the Estate of Raymond Bathiard, Antoine Bathiard, Francois Bathiard, and Giselle Bathiard Salfiti, each demand judgment jointly and severally, against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

### COUNT II
### CLAIMS OF THE ESTATE OF RENE BATHIARD, THE ESTATE OF RAYMOND BATHIARD, ANTOINE BATHIARD, FRANCOIS BATHIARD, AND GISELLE BATHIARD SALFITI FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS 28 U.S.C. §1605A and D.C. COMMON LAW

(23) Plaintiffs, the Estate of Rene Bathiard, et al., repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(24) On April 18, 1983, members of Hezbollah, as directed by Defendants, willfully, violently, and forcefully caused an explosive device to detonate at the United States Embassy in Beirut, Lebanon.

(25) The act of detonating an explosive charge at the U.S. Embassy in Lebanon on April 18, 1983 constituted extreme and outrageous conduct on the part of Hezbollah

members, whose acts were funded and directed by the Islamic Republic of Iran through its agent the Iranian Ministry of Information and Security.

(26) As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hezbollah members, whose acts were funded and directed by the Defendants, Plaintiffs suffered severe emotional distress, entitling each to compensatory damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs each demand judgment against the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT III
## CLAIMS OF THE ESTATE OF RENE BATHIARD, THE ESTATE OF RAYMOND BATHIARD, ANTOINE BATHIARD, FRANCOIS BATHIARD, AND GISELLE BATHIARD SALFITI FOR PUNITIVE DAMAGES
## 28 U.S.C. §1605A

(27) The actions described above were carried out with the material support, knowledge, and assistance of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security. The actions were malicious, willful, unlawful, and in wanton disregard of life and the standards of law that govern the actions of civilized nations.

(28) The personal injuries, loss of life, and resulting damages, as described above, were intended as a result by each Defendant. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants.

(29) In accordance with the provisions of 28 U.S.C. §1605A(c), each Plaintiff is thereby entitled to punitive damages.

(30) Defendants are vicariously liable for the actions of those agents, officials and employees who supported and carried out the attack within the scope of their office as described above.

WHEREFORE, Plaintiffs, the Estate of Rene Bathiard, the Estate of Raymond Bathiard, Antoine Bathiard, Francois Bathiard, and Giselle Bathiard Salfiti, pray that judgment be entered, jointly and severally, against the Islamic Republic of Iran and the Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

Date: September 27, 2017

Respectfully submitted,

Caragh Glenn Fay (Bar No. 16955)
FAY LAW GROUP, PA
*Caragh.Fay@faylawgroup.com*
777 Sixth Street, NW, Suite 410
Washington, DC 20001
(202) 589-1300
*Caragh.Fay@faylawgroup.com*

Amanda Fox Perry (MD19690)
FAY LAW GROUP, PA
777 Sixth Street, NW, Suite 410
Washington, DC 20001
(202) 589-1300
*Amanda.Perry@faylawgroup.com*
*Pro Hac Vice* Admission Pending

***Attorneys for Plaintiffs***